UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:    18-30762 (AMN) |
| SUZANNE M. CHRISTIANO | : | Chapter No.: 13 |
| _Debtor_ | : | |
| | : | |
| TOWN OF BEACON FALLS, | : | |
| _Movant_ | : | |
| v. | : | |
| SUZANNE M. CHRISTIANO, | : | |
| _Debtor_ | : | |
| | : | Re:  ECF No. 13 |

## MEMORANDUM OF DECISION DETERMINING THAT ON THE PETITION DATE A TAX SALE PURCHASER HELD TITLE TO REAL PROPERTY AND THE DEBTOR HELD A MERE RIGHT TO REDEEM THE PROPERTY

Before the Court is the Town of Beacon Falls' (the "Town") Motion for Relief from the Automatic Stay (the "Motion")(ECF No. 13), seeking authority to record a tax deed and exercise its other rights under non-bankruptcy law.[1]   The debtor Suzanne M. Chistiano ("Debtor") opposes the Motion because she has proposed a Chapter 13 plan that will pay the overdue real property taxes to the Town over the course of five years, which she argues is permissible pursuant to 11 U.S.C. § 1322(b).  After considering the Motion and the argument of the parties, I will follow the reasoning of _In re Young_, 396 B.R. 257 (Bankr. D. Conn. 2008), and conclude that the Debtor's redemption period expired sixty (60) days after the commencement of this Chapter 13 case by operation of 11 U.S.C. § 108(b).[2]  Since the Debtor no longer retains title to the real property under

---

[1]     The Town is also involved in a case with similar facts involving another debtor, _In Re: Kenneth Magda_ (Case No. 18-30731), in which the Town is also seeking relief from the automatic stay to record the unrecorded tax deed.  Unlike the _Magda_ case, the winning bidder here was the Town itself, rather than a third party.  This Memorandum of Opinion also states my reasoning for my decision in the _Magda_ case, which will be entered simultaneously.

[2]     Unless otherwise noted, all statutory citations refer to the Bankruptcy Code, Title 11, United

1

state law, and cannot pay the redemption amount through a Chapter 13 plan over sixty (60) months absent consent from the tax sale purchaser and the municipality, the Motion will be granted.

## Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b). This Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G).

## Nature of the Proceedings and Findings of Fact

Suzanne M. Christiano filed a voluntary Chapter 13 bankruptcy petition on May 7, 2018 (the "Petition Date"). The Debtor currently resides in and formerly co-owned[3] real property located at 49 Hubbell Avenue, Beacon Falls, Connecticut (the "Property"). The Debtor failed to pay the real property taxes and the Town conducted an auction of the Property on November 9, 2017, after notice pursuant to Conn. Gen. Stat. § 12-157. The auction failed on November 9, and the Town rescheduled the auction for November 16, 2017. The Town was the highest bidder at the second auction, with an accepted bid of $48,000.00 (the "Tax Sale"; $48,000.00 is the "Redemption Amount").[4] So in this case, because the Town was the successful bidder at the Tax Sale, it has two roles: that of the municipality which conducted the Tax Sale, and, that of the successful purchaser at the Tax Sale.

---

States Code.
[3]      The Motion also seeks relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c).
[4]      The amount to redeem the Property would also include interest, but need not be calculated in this Memorandum of Decision.

Under Conn. Gen. Stat. § 12-157, a property owner and taxpayer may redeem auctioned property within six (6) months after the auction sale by tendering the Redemption Amount.    Conn. Gen. Stat. § 12-157.[5]    Here, the Debtor's six-month redemption period would have expired on May 17, 2018, but, the commencement of this case intervened on May 7, 2018.

The Debtor listed the Property in her bankruptcy schedules as real property that she owned, stated that the nature of her interest in the Property was as a "joint tenant," claimed an exemption in the Property, and, listed the Town as a secured creditor holding a tax lien.    ECF No. 1, pp. 10, 16, 18.    Consistent with her view of her interest, she did not tender the Redemption Amount within sixty (60) days after the Petition Date but did propose a plan to cure the overdue taxes.    *See,* 11 U.S.C. § 108(b).    The Debtor's Chapter 13 plan (ECF No. 8)(the "Plan")[6] proposed to pay the Chapter 13 Trustee $1,237.00 per month for sixty (60) months, and included a provision to pay the Town a secured claim of $39,567.00[7] at 0.00% interest.    The Plan did not distinguish between the Town as the original taxing authority that at one time held a right to payment for real property taxes, and the Town as the successful purchaser at the tax auction.    What is clear from the parties memoranda of law and oral argument, however, is that the Debtor sought to recover her fee interest in the Property through her Chapter 13 Plan by making periodic

---

[5]    A municipality may sell a delinquent taxpayer's fee interest in her real property, or it may sell and assign its municipal tax lien.  Here, the Town chose to sell the real property fee interest rather than to merely assign the municipal tax lien to a lien purchaser.  Pursuant to Conn. Gen. Stat. Ann. § 12-195h, "Any municipality, . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter."

[6]    The Plan was denied with leave to amend as ECF No. 22.  No Chapter 13 plan is currently pending.  It is clear from the record of the hearings in this case that the Debtor would propose an updated but similar plan if the Court ruled differently here.

[7]    The difference between the proposed Chapter 13 Plan payment of $39,567.00 and the Redemption Amount need not be resolved in this Memorandum of Decision.

payments over a five (5) year period, thereby curing her real property tax delinquency pursuant to § 1322(b)(3).

The Town now seeks authority to complete the statutory tax sale process under Conn. Gen. Stat. § 12-157 by recording the Tax Deed on the Town's land records.  The Town rejected the Debtor's assertion she could still redeem her interest in the Property more than sixty (60) days after the Petition Date, rejected the contention that it holds a mere lien rather than title to the Property, and therefore did not file a proof of claim.

The Town also objected to confirmation of the Chapter 13 Plan, arguing the Debtor's right to redeem the Property expired sixty (60) days from the Petition Date due to the operation of § 108(b).

## Discussion

Connecticut, along with many other states, provides for the collection of unpaid property taxes through municipal tax sales that may include the auction of the fee interest in real property, or may include the sale and assignment of a municipality's tax lien. *Compare,* Conn. Gen. Stat. § 12-157 *with* Conn. Gen. Stat. § 12-195h.  In tax sales of a fee interest, the post-sale rights of a property owner and a tax sale purchaser vary from state to state, but a common attribute is that the property owner is granted a redemption period so that they may reclaim title to their property by paying the overdue taxes.  When a taxpayer commences a bankruptcy during the redemption period, bankruptcy courts must determine the rights of the debtor taxpayer and the tax sale purchaser.  In deciding the Town's Motion, the Court must decide whether a Chapter 13 plan may provide for the redemption of real property sold in a tax sale under Conn. Gen. Stat. § 12-157.

As Judge Dabrowski stated in *Young,* the question presented here is ultimately, "whether a Connecticut bankruptcy debtor may effectuate a post-municipal tax sale redemption of real property through treatment of the original tax obligation as a secured claim in a Chapter 13 plan." *Young,* 396 B.R. at 260. If the answer to this question is yes (as the *Young* decision holds), then the Property might well be essential to the debtor's reorganization as contemplated in § 362(d)(2), and this factor might weigh in favor of denying a motion seeking relief from stay in deference to a debtor's attempt to reorganize her affairs through the use of Chapter 13. Courts around the country are split on this issue, and the issue is a close one. *See, e.g., In re Woodley*, 579 B.R. 630, 633 (Bankr. N.D. Ga. 2017)("the issue is a close one"); *In re Gonzalez*, 550 B.R. 711 (Bankr. E.D. Pa. 2016) (same); *Callaway v. Harvest Assets, LLC*, No. 1: 15-CV-570-ODE, 2015 U.S. Dist. LEXIS 185160, at *15 (N.D. Ga. Oct. 30, 2015) (same).

The outcome of this issue depends on two central questions: (1) whether the fee interest in the Property or only the debtor's right to redeem the Property becomes property of a debtor's bankruptcy estate; and (2) whether a tax sale purchaser's right to receive payment upon redemption is a "claim." *See,* Steven Boyajian*, Hope for Redemption: The Treatment of Pre-Petition Tax Sales in Bankruptcy*, 39-6 ABIJ 22 (2018). To determine the answer to these questions, it is important to understand the rights acquired by a tax purchaser and the rights lost by a property owner through a tax sale.

I.    <u>Connecticut Tax Sale Procedures</u>

"Connecticut state law grants municipalities and their tax collectors extraordinary remedies to assist in the collection of vital local property tax revenue." *In re Young*, 396 B.R. 257, 260 (Bankr. D. Conn. 2008) (Dabrowski, J.). Conn. Gen. Stat. § 12-157 allows

a municipality to, "enforce by levy and sale any lien or warrant upon real estate for any unpaid tax or levy upon and sell such interest of such person in any real estate as exists at the date of the levy for such tax." Within two weeks after the tax sale, the city or town, "shall execute a deed thereof to the purchaser or to the municipality conducting the sale and shall lodge the same in the office of the town clerk of such town, where it shall remain unrecorded six months from the date of such sale." Conn. Gen. Stat. § 12-157.

A delinquent taxpayer can redeem the property during that six-month period by paying to the tax collector the amount of taxes, interest, and charges due and owing at the time of the sale together with eighteen percent (18%) interest on the total purchase price from the date of the sale. Conn. Gen. Stat. § 12-157. If the property is redeemed, the town clerk cancels the unrecorded deed. Conn. Gen. Stat. § 12-157. "If the purchase money and interest are not paid within such redemption period, the deed shall be recorded and have full effect." Conn. Gen. Stat. § 12-157. Unlike in the process in some states, no act beyond recordation of the deed is required to finalize the process. The tax purchaser or the municipality must also maintain "sufficient insurable interest in buildings and improvements upon such property to insure them against fire and other risk of physical loss" during the redemption period. Conn. Gen. Stat. § 12-157.

Thus, in Connecticut, the tax purchaser in a sale pursuant to Conn. Gen. Stat. § 12-157 acquires title to the property rather than a lien against the property, subject to the property owner's right to redeem.

II.    Property of the Estate: Title to Real Property or a Right to Redeem

The key question is whether the fee interest in the Property, or only the Debtor's personal right to redeem the Property, becomes property of the bankruptcy estate. The

6

commencement of a bankruptcy case creates an estate comprised of, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Here, the question of what the debtor's estate owns – the fee interest in the Property or the right to redeem it – boils down to the relationship between a debtor and the tax sale purchaser under non-bankruptcy law. We "must keep in mind that '[p]roperty interests are created and defined by state law.'" *Canney v. Merchs. Bank (in Re Frazer)*, 284 F.3d 362, 370 (2d Cir. 2002) (quoting *Butner v. United States*, 440 U.S. 48, 55, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979)). Prior to the tax sale, the Debtor held a fee simple ownership interest in the Property. The Town argues that the Debtor's ownership interest was altered by the Tax Sale and the Debtor no longer has an ownership interest in the Property.

State laws generally classify tax sale purchasers in two buckets. Either the tax sale purchaser acquires a lien on a taxpayer's property, or the tax purchaser acquires title to the property itself.[8]

If a tax sale purchaser acquires a lien on the property, then the title or fee interest to the property remains with the debtor and becomes property of the estate. *See, In re LaMont*, 740 F.3d 397, 410 (7th Cir. 2014)(holding that a tax purchaser's "attempt to obtain a tax deed is an act to obtain possession of property of the estate and to enforce his lien for taxes."); *see also, In re Woodley*, 579 B.R. 630, 638 (Bankr. N.D. Ga. 2017)(holding that a tax purchaser interest in the property constitutes a "lien" as defined in 11 U.S.C. § 101(37)).

---

[8]     I note that many municipalities in Connecticut also sell and assign real property tax liens rather than the real property itself, pursuant to Conn. Gen. Stat. 12-195h.

However, if a tax purchaser acquires the title to the property, then consistent with *Young*, only the right of redemption becomes property of the bankruptcy estate. *See, In re Edwards*, No. 14-51366-CRM, 2014 Bankr. LEXIS 5432 (Bankr. N.D. Ga. November 13, 2014) (holding that under Georgia law if "a debtor files bankruptcy after a tax sale, the tax sale property does not become part of the bankruptcy estate[,]" but the personal property right to redeem does become part of the estate); *see also, In re Froehle*, 286 B.R. 94, 103 (B.A.P. 8th Cir. 2002) (stating that only the right of redemption, rather than the property itself, which passes into the bankruptcy estate if the redemption period has not expired at the time the bankruptcy petition is filed); *Callaway*, No. 1: 15-CV-570-ODE, 2015 U.S. Dist. LEXIS 185160, at *12 (N.D. Ga. Oct. 30, 2015)(stating that the debtor only had "a right to redemption in the Property at the time that he filed for bankruptcy, as title to the Property passed when [tax purchaser] purchased the tax deed").

In *Young*, the bankruptcy court concluded that under Connecticut law, "a [d]ebtor lost his fee simple interest in the [property] prior to the Petition Date, subject only to his right to redeem." *Young*, 396 B.R. at 263. This result was directed by the provisions of Conn. Gen. Stat. § 12-157(c) and § 12-157(e). In consideration of a high bidder's payment of the auction purchase price, a tax collector conveys the entirety of the delinquent taxpayer's interest in the subject property to the purchaser by deed. "The deed is subject to cancellation, but *only* if the subject property is timely redeemed through payment of the amounts required by [Conn. Gen. Stat.] § 12-157(f). Accordingly, although the Tax Sale did not deprive the [d]ebtor of *all* right and interest in the [property], it did strip him of his fee simple interest, and left him, as of the Petition Date, holding a bare redemption interest. Accordingly, the [d]ebtor's bankruptcy estate inherited only a

redemption interest in the [property]." *Young*, 396 B.R. at 263 (emphasis in original); *see also, In re Jacobson*, 523 B.R. 13, 20 (Bankr. D. Conn. 2014)(Dabrowski, J.)(same).

I agree with the analysis in *Young,* and conclude that a municipal tax sale of a taxpayer's property under Conn. Gen. Stat. § 12-157 divests the taxpayer and owner of title subject to a redemption right. The redemption right becomes property of the bankruptcy estate if a bankruptcy case is commenced during the applicable statutory redemption period. The result would be different if the sale had been of the tax lien only, pursuant to Conn. Gen. Stat. § 12-195h.

Applying these principles to the facts here, the Debtor lost her fee simple interest in the Property when the Tax Sale occurred, subject only to her right to redeem. On the Petition Date, the Debtor's bankruptcy estate included the Debtor's personal right to redeem the Property, not the title to the Property itself. The Town, as the successful bidder at the Tax Sale, held title to the Property on the Petition Date, subject to the Debtor's right to redeem the Property by paying the Redemption Amount. The Town did not hold a lien on the Property on the Petition Date, rather, it owned the Property.

III.    Tolling of the Period of Redemption

I must also decide when the debtor's right to redemption expired. Section 362(a) provides for a stay, applicable to all entities, of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

9

(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

11 U.S.C. § 362(a). "Section 362(a) constitutes a stay of *creditor activity,* not *debtor opportunity.*"  *Young*, 396 B.R. at 264 (emphasis in original).  Debtor opportunity is specifically addressed by Section 108(b), which controls over any more general provisions of the Bankruptcy Code.  *Young*, 396 B.R. at 264.

Section 108(b) of the Bankruptcy Code provides in pertinent part:

Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of-
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 60 days after the order for relief.

11 U.S.C. § 108(b).

The Second Circuit in *Canney*,[9] a case involving a strict foreclosure judgment,[10] held that "§ 108(b), not § 362(a), governs the tolling of a period of equitable redemption."

---

[9]    *Canney* was a Chapter 7 case that was converted from a chapter 11.  However, the relevant redemption period and extension period under § 108(b) was during the debtor's previous Chapter 13 case, but the *Canney* Court did not address the effect of § 1322 since it was inapplicable in a Chapter 7 case.

[10]    Strict foreclosure is the method of foreclosure in only Connecticut and Vermont. Under strict foreclosure, "title does not become absolute in a foreclosing mortgagee until the expiration of *all* law days-*i.e.* those of the mortgagor and all junior encumbrancers."  *In re Pellegrino*, 284 B.R. 326, 331 (Bankr. D. Conn. 2002).  If all of the "law days" have not passed, "Section 1322(c)(1) affords the debtor-mortgagor an indefinite period of time to confirm a Chapter 13 plan which cures a mortgage default."  *In re Pellegrino*, 284 B.R. 326, 332 (Bankr. D. Conn. 2002).  In that situation, the mortgagee only has a lien rather than title to the property until the law days completely pass.  In the tax sale situation under Conn. Gen. Stat. § 12-157, the tax sale purchaser has title to the property after a successful purchase of the property at a tax sale.

*Canney v. Merchs. Bank (In Re Frazer)*, 284 F.3d 362, 372 (2d Cir. 2002). "The automatic stay prevents only certain affirmative acts taken by a creditor, and the running of time is not one of those acts." *Canney*, 284 F.3d at 372. "Redemption itself may be an affirmative act, but it is one that the mortgagor or Trustee must take to protect the equity of redemption." *Canney*, 284 F.3d at 372-373. Thus, the Second Circuit held that, "the period of equitable redemption was not stayed when [the debtor] filed a Chapter 13 bankruptcy petition. . . . although it was extended by section 108(b) by 60 days after filing of the petition." *Canney*, 284 F.3d at 373. "Consequently, the equity of redemption was foreclosed when the extended period lapsed without redemption by" the debtor. *Canney*, 284 F.3d at 373; *see also, Young*, 396 B.R. at 264 (holding that "under the plain language of Section 108(b), the [d]ebtor had only 60 days after the Petition Date to pay/tender the redemption"); *In re Curley*, 572 B.R. 622, 626 (Bankr. E.D. La. 2017)(stating that "under the Bankruptcy Code, if a debtor holds an unexpired right of redemption on the petition date, the debtor has until the period allowed under state law or sixty days from the petition date, whichever is later, to redeem").

Here, the Court follows *Canney* in the context of a tax sale pursuant to Conn. Gen. Stat. § 12-157 and concludes the Debtor's right to redeem was not stayed by the filing of the bankruptcy petition, although it was extended until sixty (60) days after the Petition Date.

IV.    <u>Whether Tax Sale Purchasers Hold Claims Subject to Modification in a Chapter 13 Plan</u>

The Debtor argues that § 1322(b)(3) would allow her to pay the Town's "claim" over the course of a five-year Chapter 13 plan, by making periodic payments equivalent to the value of the alleged tax lien.

11

Section 101(5) defines a "claim" as a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

Sections 1322(b)(2) and 1322(b)(3) provide powerful tools to a debtor to modify the rights of holders of both secured and unsecured claims in a Chapter 13 plan, and to waive or cure defaults over a sixty (60) month period.  The Supreme Court has recognized that the "rights" of a creditor subject to modification include all of those rights to which the creditor is entitled under state law.  *In re McKinney*, 341 B.R. 892, 898 (Bankr. C.D. Ill. 2006)(citing *Nobelman v. American Sav. Bank*, 508 U.S. 324, 328-31 (1993)).

State tax sale laws are diverse, but generally the tax sale purchaser gets either a lien against the property or ownership of the property. For example, in New York, a tax sale purchaser acquires a lien that may later be foreclosed upon, once the property owner's two-year redemption period expires. *See,* NY CLS RPTL § § 1110, 1194.  In Connecticut, a tax sale purchaser acquires ownership to the property pursuant to a sale under Conn. Gen. Stat. § 12-157, or, steps into the shoes of the municipal taxing authority as successor to its tax lien against the real property pursuant to a sale under Conn. Gen. Stat. § 12-195h.

Courts in states in which the tax sale purchaser has a lien against the property on the petition date, generally find that the debtor may modify the "claim" of the tax purchaser through a Chapter 13 plan pursuant to § 1322, since the property sold at a tax sale

12

becomes a lien on property of the bankruptcy estate. *See, In re Martin*, 496 B.R. 323, 329 (Bankr. S.D.N.Y. 2013)(stating that the debtor "entered into his bankruptcy with the right to redeem his property and as such, he retains his ability to cure [tax purchaser's] claim under § 1322"); *In re LaMont*, 740 F.3d 397, 409 (7th Cir. 2014)(holding that a tax lien purchaser who held a non-recourse tax lien holds a "claim against the debtor that may be treated in bankruptcy"); *McKinney*, 341 B.R. at 902 (Bankr. C.D. Ill. 2006)(holding that a "prepetition purchaser of delinquent real estate taxes in Illinois is a creditor who holds a claim secured by the real estate against which the taxes were assessed" and that the "claim may be modified in a Chapter 13 plan that pays the claim over a term that extends more than 60 days beyond the state law redemption deadline").

Courts in states where the tax purchaser acquires title to the property, similar to the procedure here under Conn. Gen. Stat. § 12-157, generally determine that a tax sale purchaser did not hold a "claim" on the petition date,  but instead held title to the property subject to the relinquishment of title upon the payment of the redemption price. *See, In re Millington*, No. 17-31290, 2017 Bankr. LEXIS 2214, at *5 (Bankr. S.D. Tex. 2017)(holding that tax purchaser was an owner – not a lien holder – whose rights could not be modified under 11 U.S.C. § 1322(b)(2) to redeem the property over the course of the Chapter 13 plan); *In re Pineda-Pineda*, 510 B.R. 648, 652 (Bankr. D. Or. 2014)(holding that a default judgment "constitutes a foreclosure sale of the Property to the County, § 1322(c)(1) applies to prohibit the [debtors] from exercising any "cure" of their default in payment of their real property taxes); *In re Richter*, 525 B.R. 735, 748 (Bankr. C.D. Cal. 2015)(holding that because the debtor had no obligation to pay the redemption price, the tax purchaser did not hold a claim because there was no "right to payment" under § 11

U.S.C. 105(5)(a)); *Curley*, 572 B.R. at 629 (holding that a debtors' Chapter 13 plan could not modify the rights of a tax purchaser who was not a creditor, but held an interest in property of the debtors' estate).

Review of the details of the Connecticut tax sale process support this conclusion. Municipalities in Connecticut issue an unrecorded deed to the purchaser at a tax sale, pursuant to Conn. Gen. Stat. § 12-157, or an assignment of a tax lien against the property pursuant to Conn. Gen. Stat. § 12-195h.  The tax purchaser under Conn. Gen. Stat. § 12-157 has no right to payment against a debtor, and cannot force a debtor to pay any money or foreclose on the Property.  Rather, the tax purchaser is the owner of the Property subject to a debtor's personal right of redemption, which is extended to sixty (60) days after the filing of a petition by § 108(b).  Based on this analysis, I conclude that a tax purchaser pursuant to a sale conducted using Conn. Gen. Stat. § 12-157 does not have a "claim" against the bankruptcy estate and a debtor cannot modify the rights of the tax purchaser through a Chapter 13 plan pursuant to §§ 1322(b)(2) or 1322(b)(3).

## CONCLUSION

Because I conclude the Town, in its capacity as successful Tax Sale purchaser and as a grantee of the deed prepared for recording pursuant to the Connecticut statutory scheme, is the owner of the title to the Property, that the ownership interest was subject to redemption for the first sixty (60) days after the Petition Date pursuant to § 108(b) which now has expired, and because the Debtor has not tendered the Redemption Amount, the Motion should be granted pursuant to both 11 U.S.C. § 362(d)(1) (for cause) and 11 U.S.C. § 362(d)(2) (because the Debtor lacks equity).

14

I recognize this conclusion – absent some consent agreement between the Town and the Debtor – will have the effect of dooming the Debtor's attempt to redeem her property through a five-year repayment plan.  However, the statutory scheme establishing the state tax sale process, the well-established precedent considering the nature and extent of redemption rights under the state statute, and the relevant Bankruptcy Code provisions, including § 108(b), direct this result.

A separate order granting the Motion pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) will enter.

Dated on August 2, 2019, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut